```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

MID-STATE SURETY CORPORATION

    Plaintiff

v.

                                                                 Civil Action No.: 2:04-0813

THRASHER ENGINEERING, INC.

    Defendant

v.

DIVERSIFIED ENTERPRISE, INC.

    Third-Party Defendant

_____

MID-STATE SURETY CORPORATION

    Plaintiff

v.                                                Civil Action No.: 2:05-0072

DIVERSIFIED ENTERPRISE, INC. and
INTERNATIONAL FIDELITY
INSURANCE COMPANY

    Defendants

### MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of Thrasher Engineering, Inc. ("Thrasher"), filed November 15, 2005, seeking

1

to consolidate the above captioned actions pursuant to Fed. R. Civ. P. 42(a) on the asserted grounds that both actions involve common questions of fact and law, and judicial economy would be better served by trying the two actions together.  Diversified Enterprise, Inc. ("Diversified") filed a motion on November 23, 2005, indicating that it agreed with Thrasher's motion to consolidate.

Mid-State Surety Corporation (Mid-State) objects to the consolidation arguing (1) the cases do not involve common questions of fact or law; (2) Diversified's counterclaim against Thrasher is improperly asserted; (3) consolidating these cases will save little time; and (4) trying them together will lead to jury confusion and prejudice to Mid-State.

The court, accordingly, examines whether the cases are properly consolidated pursuant to Rule 42(a), Federal Rules of Civil Procedure.  Rule 42(a) provides as follows:

    (a) Consolidation. When actions involving a common
    question of law or fact are pending before the court,
    it may order . . . all the actions consolidated; and it
    may make such orders concerning proceedings therein as
    may tend to avoid unnecessary costs or delay.

Fed. R. Civ. Proc. 42(a).[1]

---

[1]In a memorandum opinion and order entered this same day in Mid-State v. Diversified Enterprise, Inc., et. al., Civil Action

2

Our court of appeals has accorded the district courts a wide berth on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation.  See <u>A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.</u>, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate cases pending in the same district.")  Nevertheless, the court of appeals has also provided guidelines for district courts engaging in the discretionary exercise.  <u>See</u> <u>Arnold v. Eastern Air Lines, Inc.</u>, 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

<u>Id.</u> at 193.

The court begins by noting that, for scheduling

---

No: 2:05-72 the court engaged in a lengthy discussion of the facts which gave rise to both of these actions.  A review of the court's discussion in that case clearly reveals the common questions of fact and liability, and the court need not restate that discussion.

purposes, the pretrial conference and trial dates are the same in both actions. After having carefully reviewed the record, the court finds that both actions derive from the same factual background and that issues surrounding liability and damages appear to be intertwined so as to mandate consolidation in order to fully and expeditiously resolve all claims in these actions.

Mid-State, in its memorandum in support of its opposition to the motion to consolidate, has limited its claims against Thrasher to the time period proceeding Diversified's involvement on the project. More specifically, Mid-State asserts "[t]he facts at issue in the TEI [Thrasher] action all concern actions or failures to act on the Project, which predate January 31, 2002." (Pl.'s Memo. 2.) Mid-State argues that the claims as between Thrasher and Diversified in the Thrasher action are not properly asserted as it is impossible for Diversified to be liable to Thrasher on Mid-States' claims against Thrasher inasmuch as those claims arose prior to Diversified's involvement on the project, which was July of 2002.

Mid-State's objection is without merit. Both Mid-State and Diversified contend in the Mid-State action against Thrasher, that Thrasher negligently designed the project. Their contentions appear to be consistent despite Mid-State's

4

subsequent limitation on its claim.[2]  With respect to the Mid-State action against Diversified, Diversified did not agree in the indemnification agreement to indemnify Mid-State from liability for Thrasher's alleged negligence.  Thus, Diversified would not be liable for its alleged failure to complete the project if the jury were to find it was the result of Thrasher's negligence.  Moreover, such a finding may entitle Diversified to damages from Thrasher for the extra work it alleges resulted.  As the issues surrounding liability appear to be intertwined, consolidation is not only practical, but necessary to fully resolve the claims in both actions.

Mid-State further contends that consolidation is unwarranted as (1) it would confuse a jury with two disparate subjects, an engineer's performance and a contractor's performance; (2) Mr. Whittaker's involvement in the Thrasher action, given his notoriety as a Powerball winner, would distract the jury from the underlying issues in the Thrasher action and could lead the jurors to wrongfully ascribe Thrasher's alleged failures to Diversified; and (3) the time savings at trial will

---

[2]Mid-State's allegation that Thrasher provided defective plans and specifications appears to be consistent with Diversified's allegation that Thrasher negligently designed the project, as the designs used by both Holley and Diversified appear to have been the same.

5

be minimal.

Mid-State's assertions are speculative at best. Juries are often called upon to resolve multi-party disputes with complex facts. Additionally, any confusion related to the "disparate subjects" and Mr. Whittaker's involvement would likely be minimal as the jury would be assisted in its efforts by counsel through their presentation of the case and the court in its jury instructions. The jury in this case will undertake no duty that a jury has not undertaken before.

The court is similarly unpersuaded by Mid-State's assertion that the time saving will be minimal. Only one jury would be selected and duplicative review of background information surrounding the claims would be unnecessary, thereby reducing the burden on the judicial system. Additionally, Mid-State, the plaintiff in both actions, would likely be saved the expense and delay associated with two trials.

For the foregoing reasons, it is ORDERED that,

1. Thrasher's motion to consolidate be, and it hereby is, granted.

2. <u>Mid-State v. Thrasher, et al.</u>, Civil Action No:

2:04:813, be, and it hereby is, designated as the lead case. All further filings shall be captioned and docketed using the style and civil action number of that case.

      3. Counsel for all parties be, and hereby are, directed to arrive for the pretrial conference scheduled for December 9, 2005, at 1:30 p.m.

      The Clerk is directed to forward copies of this order to all counsel of record.

      DATED: December 8, 2005

      John T. Copenhaver, Jr.
      United States District Judge

7