```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**MID-STATE SURETY CORPORATION**

    Plaintiff

v.

                                                Civil Action No.: 2:04-0813

**THRASHER ENGINEERING, INC.**

    Defendant

v.

**DIVERSIFIED ENTERPRISE, INC.**

    Third-Party Defendant

_____

**MID-STATE SURETY CORPORATION**

    Plaintiff

v.                                                Civil Action No.: 2:05-0072

**DIVERSIFIED ENTERPRISE, INC. and**
**INTERNATIONAL FIDELITY**
**INSURANCE COMPANY**

    Defendants

1

## AMENDED MEMORANDUM OPINION AND ORDER[1]

Pending before the court is the motion of Thrasher Engineering, Inc. ("Thrasher"), filed November 15, 2005, seeking to consolidate the above captioned actions pursuant to Fed. R. Civ. P. 42(a) on the asserted grounds that both actions involve common questions of fact and law, and judicial economy would be better served by trying the two actions together. Diversified Enterprise, Inc. ("Diversified") filed a motion on November 23, 2005, indicating that it agreed with Thrasher's motion to consolidate.

Mid-State Surety Corporation (Mid-State) objects to the consolidation arguing (1) the cases do not involve common questions of fact or law; (2) Diversified's counterclaim against Thrasher is improperly asserted; (3) consolidating these cases will save little time; and (4) trying them together will lead to jury confusion and prejudice to Mid-State.

The court, accordingly, examines whether the cases are properly consolidated pursuant to Rule 42(a), Federal Rules of Civil Procedure. Rule 42(a) provides as follows:

---

[1]This order amends the court's previous order entered December 8, 2005, which consolidated both actions. The amended portions can be found on pages four (4) and five (5).

2

>   (a) Consolidation. When actions involving a common
>   question of law or fact are pending before the court,
>   it may order . . . all the actions consolidated; and it
>   may make such orders concerning proceedings therein as
>   may tend to avoid unnecessary costs or delay.

Fed. R. Civ. Proc. 42(a).[2]

Our court of appeals has accorded the district courts a wide berth on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation. See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate cases pending in the same district.") Nevertheless, the court of appeals has also provided guidelines for district courts engaging in the discretionary exercise. See Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982):

>   The critical question for the district court in the
>   final analysis was whether the specific risks of
>   prejudice and possible confusion were overborne by the
>   risk of inconsistent adjudications of common factual
>   and legal issues, the burden on parties, witnesses and

---

[2]In a memorandum opinion and order entered this same day in Mid-State v. Diversified Enterprise, Inc., et. al., Civil Action No: 2:05-72 the court engaged in a lengthy discussion of the facts which gave rise to both of these actions. A review of the court's discussion in that case clearly reveals the common questions of fact and liability, and the court need not restate that discussion.

3

>     available judicial resources posed by multiple
>     lawsuits, the length of time required to conclude
>     multiple suits as against a single one, and the
>     relative expense to all concerned of the single-trial,
>     multiple-trial alternatives.

Id. at 193.

The court begins by noting that, for scheduling purposes, the pretrial conference and trial dates are the same in both actions.  After having carefully reviewed the record, the court finds that both actions derive from the same factual background and that issues surrounding liability and damages appear to be intertwined so as to mandate consolidation in order to fully and expeditiously resolve all claims in these actions.

Mid-State asserts "[t]he facts at issue in the TEI [Thrasher] action all concern actions or failures to act on the Project, which predate January 31, 2002." (Pl.'s Memo. 2.)  Mid-State argues that the claims as between Thrasher and Diversified in the Thrasher action are not properly asserted as it is impossible for Diversified to be liable to Thrasher on Mid-States' claims against Thrasher inasmuch as those claims arose prior to Diversified's involvement on the project, which was July of 2002.

Given Mid-State's claim against Thrasher involved

Thrasher's conduct prior to Diversified's involvement on the project, it would appear that Thrasher could not recover from Diversified under a theory of indemnification or contribution. However, this does not mean the court should not consolidate these actions, as Mid-State and Diversified still assert similar claims against Thrasher and the issues surrounding liability appear to be intertwined.

Both Mid-State and Diversified contend in the Mid-State action against Thrasher that Thrasher was negligent in performing its supervisory duties on this project.  Mid-State asserts Thrasher was negligent in both (1) failing to procure evidence that Holley had paid its stored material suppliers and (2) failing to monitor the progress of Holley's work on the project.  Similarly, Diversified contends that Thrasher negligently supervised the project by, among other things, failing to supervise, inspect, and direct Diversified's work in a timely fashion.  While the negligence claims asserted against Thrasher relate to different time periods on the project, the claims are not dissimilar enough to warrant separate trials.  Reduced to their essence, both claims are alleging the same engineer on the same project negligently supervised a contractor's work.

Additionally, with respect to the Mid-State action

5

against Diversified, under the indemnification agreement, Diversified did not agree to indemnify Mid-State from liability for Thrasher's alleged negligence.  Thus, Diversified would not be liable for its alleged failure to complete the project if the jury were to find it was the result of Thrasher's negligence.  Moreover, such a finding may entitle Diversified to damages from Thrasher for the extra work it alleges resulted.  As the issues surrounding liability appear to be intertwined, consolidation is not only practical, but necessary to fully resolve the claims in both actions.

Mid-State further contends that consolidation is unwarranted as (1) it would confuse a jury with two disparate subjects, an engineer's performance and a contractor's performance; (2) Mr. Whittaker's involvement in the Thrasher action, given his notoriety as a Powerball winner, would distract the jury from the underlying issues in the Thrasher action and could lead the jurors to wrongfully ascribe Thrasher's alleged failures to Diversified; and (3) the time savings at trial will be minimal.

Mid-State's assertions are speculative at best.  Juries are often called upon to resolve multi-party disputes with complex facts.  Additionally, any confusion related to the

"disparate subjects" and Mr. Whittaker's involvement would likely be minimal as the jury would be assisted in its efforts by counsel through their presentation of the case and the court in its jury instructions. The jury in this case will undertake no duty that a jury has not undertaken before.

The court is similarly unpersuaded by Mid-State's assertion that the time saving will be minimal. Only one jury would be selected and duplicative review of background information surrounding the claims would be unnecessary, thereby reducing the burden on the judicial system. Additionally, Mid-State, the plaintiff in both actions, would likely be saved the expense and delay associated with two trials.

For the foregoing reasons, it is ORDERED that,

1.  Thrasher's motion to consolidate be, and it hereby is, granted.

2.  <u>Mid-State v. Thrasher, et al.</u>, Civil Action No: 2:04:813, be, and it hereby is, designated as the lead case. All further filings shall be captioned and docketed using the style and civil action number of that case.

3.  Counsel for all parties be, and hereby are,

directed to arrive for the pretrial conference scheduled for December 9, 2005, at 1:30 p.m.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: December 12, 2005

John T. Copenhaver, Jr.
United States District Judge