```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MID-STATE SURETY CORPORATION**

    Plaintiff

v.

**THRASHER ENGINEERING, INC.**

    Defendant

_____          Civil Action No.: 2:04-0813

**MID-STATE SURETY CORPORATION**

    Plaintiff

v.

**DIVERSIFIED ENTERPRISE, INC. and
INTERNATIONAL FIDELITY
INSURANCE COMPANY**

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's petition, filed October 20, 2006, seeking to confirm an arbitration award.

### I.

On May 3, 2006, Mid-State Surety Corporation ("Mid-State"), Diversified Enterprise, Inc. ("Diversified") and

1

International Fidelity Insurance Company ("IFIC"), filed a joint motion seeking to stay the action by and between them pending resolution of arbitration. The joint motion represented that: Mid-State and Diversified agree to stay the claims by and between them and have their claims resolved through arbitration; (2) IFIC and Mid-State agree that resolution of Mid-State's performance bond claim against IFIC should be stayed pending completion of the arbitration; (3) the claims by and between Mid-State and Diversified and Mid-State's claim against IFIC are separate and distinct, both factually and legally, from the claims by and between Mid-State and Thrasher; and (4) the claims by and between Mid-State and Diversified and Mid-State's claim against IFIC may be excised from this action without any prejudice to Thrasher. The arbitration agreement was attached to the joint motion.

Mid-State, Diversified, and IFIC further requested that the court keep open the docket as to this action until completion of the arbitration in the event that judgment needs to be entered on any award entered by the arbitrator or should Mid-State's performance bond claim against IFIC require resolution.

By order dated May 5, 2006, the court granted the joint motion; stayed all claims and counterclaims by and between Mid-State, Diversified, and IFIC pending completion of the arbitration or further order of the court; and further directed

Mid-State, Diversified, and IFIC to report to the court the status or results of the arbitration on or before November 4, 2006.

In Mid-State's petition it represents that (1) arbitration was held on the week of August 21, 2006; (2) on September 22, 2006, the arbitrator rendered his award directing Diversified to pay Mid-State the sum of $191,241.47, inclusive of pre-award interest; (3) the award also provided this sum "shall be paid on before thirty (30) days from the date of this Award" and Diversified shall pay Mid-State "post-award interest on the above sum [$191,241.47] at the rate of 10% per annum commencing thirty (30) days from the date of this Award until paid in full;" (4) Diversified subsequently informed Mid-State that it will not pay the award; and (5) the arbitration agreement expressly provides that "judgment on the award rendered by the Arbitrator in the Arbitration may be entered in any court having jurisdiction thereof."  Mid-State requests that the court enter an order confirming the arbitrator's award and enter judgment in favor of Mid-State in the amount of $191,241.47, plus post-award interest at the rate of 10% per annum commencing October 22, 2006, until paid in full.

On November 3, 2006, Diversified filed a brief response representing that it "concurs generally with the recitation of

3

the facts" in Mid-State's petition, but that it takes issue with Mid-State's representation that Diversified informed Mid-State that it will not pay the award. Diversified maintains that "it has represented to Mid-State that it has every intention of paying the arbitration award and that payment will be made at some future date." On January 22, 2007, Mid-State informed the court's law clerk in a telephone message that Diversified had yet to satisfy any portion of the arbitrator's award.

## II.

Under the pertinent portion of 9 U.S.C. § 9

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C § 9.

## III.

The arbitration agreement expressly provides that

> The parties agree that all controversies, claims or disputes arising out of the Agreement and/or the Project will be presented in the Arbitration and any claims not presented shall be considered waived and/or released and judgment on the award rendered by the Arbitrator in the Arbitration may be entered in any

4

court having jurisdiction thereof.

(Arbitration Agreement ¶ 6, attached as Ex. A to Jt. Motion.) The court may enter judgment under the arbitration agreement inasmuch as the claims raised in this civil action are properly before the court pursuant to 28 U.S.C. § 1332.

Furthermore, Mid-State has applied for an order confirming the arbitrator's award within one year time as set forth in 9 U.S.C. § 9, and Diversified has not sought to vacate, modify, or correct the arbitrator's award. Indeed, Diversified has indicated that it intends to pay the arbitrator's award.

The court accordingly finds that Mid-State's petition satisfies the requirements of 9 U.S.C. § 9, and the court will enter judgment in this matter consistent with the arbitrator's award.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record.

DATED: January 30, 2007

John T. Copenhaver, Jr.
United States District Judge