```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                             CHARLESTON
```

**MID-STATE SURETY CORPORATION,**

   **Plaintiff,**

**v.**

**THRASHER ENGINEERING, INC.,**

   **Defendant,**

_____     **Case No. 2:04-cv-00813**


**MID-STATE SURETY CORPORATION,**

   **Plaintiff,**

**v.**

**DIVERSIFIED ENTERPRISE, INC., and
INTERNATIONAL FIDELITY
INSURANCE COMPANY,**

   **Defendants.**


## MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Quash Mid-State Surety Corporation's Notice of Deposition and Request for Production of Documents, filed November 6, 2007, by Diversified Enterprise, Inc. ("Diversified") (docket # 185). Mid-State Surety Corporation ("Mid-State") has responded (# 186), and the matter is ripe for decision.

The factual and procedural background to this discovery dispute is summarized briefly as follows. Mid-State and Diversified

are opposing parties to a breach of contract action.  The claims by and between Mid-State and Diversified were resolved through an arbitration held in Charleston, West Virginia, during the week of August 21, 2006, before Arbitrator James F. Butler (# 167 at 2, ¶ 3).  On September 22, 2006, an arbitration award ("the award") was entered in favor of Mid-State and against Diversified in the amount of $191,241.47, plus post-award interest at the rate of 10% per annum commencing thirty days from the date of the award until paid in full (# 167, Exh. A). On October 20, 2006, following expiration of the statutory period to challenge the award, Mid-State filed a petition to confirm the award (# 167).  On November 3, 2006, Diversified filed a response to the petition in which Diversified stated that "it has every intention of paying the arbitration award and that payment will be made at some future date." (# 169 at 2.) On January 30, 2007, the court entered a Memorandum Opinion and Order finding that Mid-State's petition satisfied the requirements of 9 U.S.C. § 9 (# 171 at 5).  The same day, the court entered judgment in favor of Mid-State and against Diversified consistent with the arbitrator's award (# 172 at 1).  On October 24, 2007, Mid-State served a notice of deposition and request for production of documents upon Diversified (# 186, Exh. A).  As stated in this notice and request, Mid-State seeks to conduct a Rule 30(b)(6) deposition of Diversified's designee for the purpose of "inquir[ing] into the assets and liabilities of Diversified."

2

(# 186, Exh. A at 2.) Diversified is instructed to bring to the deposition the following documents:

1. [Diversified]'s filed tax returns for 2005 to 2006.
2. Any financial statement or profit and loss statements concerning [Diversified] for the years 2005 to the present.
3. [Diversified]'s bank account records for the years 2005 to the present including but not limited to bank statements and check registers.
4. All documents concerning the disposition and whereabouts of all funds withdrawn from . . . [Diversified]'s bank account(s) at BB&T Bank since May 1, 2007.
5. Any loan or credit application submitted by [Diversified] to any third party including, but not limited to banks and bonding companies, for the years 2005 to the present.
6. All documents concerning any loan or credit line from BB&T Bank or any other bank or lender to [Diversified] for the years 2005 to the present.
7. All documents evidencing any property interest [Diversified] may own at the present time including, but not limited to, accounts receivable, contract rights, cash, notes, stock, mortgages, bonds, real estate, leases, automobiles, equipment, machinery, partnerships, joint ventures, corporations and trust.
8. All documents evidencing any transfer of assets and/or property from [Diversified] to any third party for the years 2005 to the present.
9. All documents evidencing any money, debt or liability that any third party owes to [Diversified], including, but not limited to promissory notes, security agreements, mortgages, accounts receivable, royalties and/or commissions.
10. All documents evidencing the sources of [Diversified]'s income for the years 2005 to the present.
11. Any documents which list or show any projects or for which [sic] [Diversified] is presently working or for which monies are due to [Diversified].
12. Any documents which show or evidence [Diversified]'s ownership of any equipment or real property.

(# 186, Exh. A at 2-3.)

In the Motion to Quash, Diversified represents that "it intends to pay the award at a future date." (# 185 at 1, ¶ 2.) Diversified objects to Mid-State's production and deposition requests as irrelevant and "meant to harass, annoy and strong arm . . . Diversified . . . into payment of an award." (# 185 at 2, ¶ 3.) Diversified further objects to the Rule 30(b)(6) deposition on the grounds that it "seeks confidential financial information" and "is unduly burdensome and an invasion of [Diversified]'s privacy in that it seeks records which contain certain confidential and commercial financial information." (# 185 at 2, ¶ 4.) Diversified further objects to the production requests on the grounds that "[t]he information sought . . . is overly burdensome consisting of voluminous amounts of information, which are neither relevant, nor material and for the sole purpose of obtaining confidential and privileged business matters to the detriment of . . . [Diversified]." (# 185 at 2, ¶ 5.)

In the response, Mid-State argues that the discovery which it seeks concerning Diversified's assets is clearly allowed under Rule 69 of the Federal Rules of Civil Procedure. The court agrees.

Rule 69(a) provides in pertinent part: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided by the practice of the state in which the district court is held." Fed. R. Civ. P. 69(a). As explained in <u>Magnaleasing, Inc. v.</u>

4

Staten Island Mall, 76 F.R.D. 559 (S.D.N.Y. 1977) (holding Rule 69(a) entitled judgment creditor to discover relevant portions of settlement agreement between judgment debtors and third party), "[t]he rule authorizes discovery by a judgment creditor for the purpose of discovering any concealed or fraudulently transferred assets." Id. at 561.  Furthermore, Rule 69(a) "clearly entitles a judgment creditor to utilize the full panoply of federal discovery measures . . . including production of documents under Rule 34." Id. at 561 n.1.

Additionally, the court notes with displeasure that Diversified violated both Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1(b) by making no effort whatsoever to confer with counsel for Mid-State before filing the subject Motion to Quash.  Fed. R. Civ. P. 37(a)(2); Local Rules of the United States District Court for the Southern District of West Virginia, Local Rule of Civil Procedure 37.1(b).

For the foregoing reasons, the court hereby **ORDERS** that the Motion to Quash (# 185) is **DENIED**.  Accordingly, Diversified is directed to make its Rule 30(b)(6) designee available for deposition by Mid-State immediately and to provide the responsive documents to Mid-State at or prior to the deposition.  In the event that Diversified desires disclosure of the responsive documents to occur under the terms of a protective order, a form agreed protective order is accessible on the court's website at

5

http://www.wvsd.uscourts.gov.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: December 18, 2007

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge